IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|                                        |   |                               |
|----------------------------------------|---|-------------------------------|
| ANNETTE L. LEITH, *et al.*,            | * |                               |
| Plaintiffs,                            | * |                               |
| v.                                     | * | Civil Action No. RDB-15-1672  |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, *et al.*, | * |                               |
| Defendants.                            | * |                               |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiffs Annette L. and Thomas G. Leith ("Plaintiffs" or "the Leiths") bring this *pro se* action against Defendants Deutsche Bank National Trust Company ("Deustche Bank"), Central Mortgage Company ("Central"), and Mortgage Electronic Registration Systems, Inc. ("MERS"), and ten unnamed persons (collectively, "Defendants"), alleging two state law claims sounding in contract and real property. Plaintiffs also seek a declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201.

Currently pending is Defendants' Motion to Dismiss for Failure to State a Claim (ECF No. 14). The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2014). For the reasons that follow, Defendants' Motion to Dismiss for Failure to State a Claim (ECF No. 14) is GRANTED.[1] In sum, Plaintiffs'

---

[1] Plaintiffs identify the unnamed Defendants as merely "persons unknown claiming any legal or equitable right, title, estate, lien, or interest in the Subject Property described in the Complaint." Compl. ¶ 8, ECF No. 1. Plaintiffs do not, however, include any allegations that individual persons even *could* claim any interest in the property in question. This Court is dismissing the Leiths' claims regarding the named Defendants and can find no reason to permit the Leiths to continue their suit against the unnamed Defendants. Accordingly, Plaintiffs' claims against "Does 1-10" are also dismissed.

lengthy Complaint rests on erroneous assumptions and misstatements of Maryland law. As such, the Complaint fails to set forth any facts indicating a breach of contract or their right to quiet title under Maryland law.

BACKGROUND

In a ruling on a motion to dismiss, this Court must accept the factual allegations in the plaintiff's complaint as true and construe those facts in the light most favorable to the plaintiffs. *See, e.g., Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Moreover, a *pro se* litigant's complaint should not be dismissed unless it appears beyond doubt that the litigant can prove no set of facts in support of his claim that would entitle him to relief. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Yet, a plaintiff's status as *pro se* does not absolve him of the duty to plead adequately. *See Stone v. Warfield*, 184 F.R.D. 553, 555 (D. Md. 1999) (citing *Anderson v. Univ. of Md. Sch. Of Law*, 130 F.R.D. 616, 617 (D. Md. 1989), *aff'd*, 900 F.2d 249, 1990 WL 41120 (4th Cir. 1990)). As this Court has explained, even *pro se* litigants must "state their claims in an understandable and efficient manner." *Bell v. Bank of America, N.A.*, Civ. A. No. RDB-13-478, 2013 WL 6528966, *1 (D. Md. Dec. 11, 2013).

This case arises out of a mortgage dispute between the Plaintiffs, Annette and Thomas Leith, and the Defendants. *See* Compl., ECF No. 1. On March 8 2007, the Leiths executed a promissory note (the "Note") and a Deed of Trust securing the Note, listing as collateral the property located at 16912 Taran Court, Frederick, Md. 21703 (the "Property"). *Id.* ¶¶ 1, 16-18; *see also* Supplement to Defs.' Mot. to Dismiss, ECF No. 20 (Deed of Trust).[2]

---

[2] Plaintiffs reference the Deed of Trust repeatedly in their Complaint, but attach only an incomplete copy of the document. *See* Compl. Ex. B, ECF No. 1-4. In ruling on a motion to dismiss, this Court may consider documents named and relied upon by Plaintiffs in the Complaint. *HQM, Ltd. v. Hatfield*, 71 F. Supp. 500, 502 (D. Md. 1999). Defendants reference an "Exhibit 1" comprising a complete copy of the Deed of Trust, but

Plaintiffs do not provide any information with respect to the amount of the loan. The documents were executed in favor of Quicken Loans Inc. ("Quicken"), with Defendant MERS named as Quicken's nominee. Compl. ¶¶ 7, 17-18. Defendant Central acted as servicer of the loan. *Id.* ¶ 24.

At some unspecified time thereafter, the mortgage loan was allegedly "bundled into a group of Notes" and sold as a mortgage-backed security. *Id.* ¶ 20. Plaintiffs allege that a trust run by Defendant Deutsche Bank, entitled Harborview Mortgage Loan Trust 2007-7 (the "Harborview Trust"), issued the security. *Id.* According to the Leiths, Deutsche Bank remains the trustee of the Harborview Trust. *Id.* ¶ 23.

Plaintiffs subsequently filed the present action in this Court, contending that the assignment and securitization of the Note (and accompanying Deed of Trust) constituted a breach of contract. They seek to quiet title on the Property, as well as establish the rights and obligations of the parties via a declaratory judgment. This Court notes that Plaintiffs do not include any information regarding the status of the loan, such as whether they have satisfied their obligations under the Note by repaying the loan, or whether they are facing foreclosure.

It appears that the Leiths' claims rest on their belief that the Note and Deed of Trust are unenforceable. Specifically, the Leiths assert that none of the Defendants "own[s] this loan, or Note, and cannot be and are not the Beneficiary under the [Deed of Trust], or lawfully appointed Trustee under the [Deed of Trust]." *Id.* ¶ 21. Plaintiffs also claim that the Deed of Trust was not legally assigned from Quicken, nor was the debt backed by the Note

---

inadvertently failed to attach the exhibit to the pending Motion. Defendants subsequently filed the exhibit as a Supplement to Defendants' Motion to Dismiss (ECF No. 20). This Court will consider that document in resolving the pending Motion.

properly transferred or endorsed to any of the named Defendants. *Id.* ¶¶ 28-29. Quicken loans allegedly "sold its interest in the Loan and was paid in full." *Id.* ¶ 30.

Although Plaintiffs admit that the Deed of Trust permits assignment of the Note and Deed of Trust, they claim that no subsequent assignments were recorded. *Id.* ¶ 39. This omission allegedly breached the mortgage loan contract, and thus the Note and Deed of Trust are void. *Id.* ¶¶ 39-43. Moreover, Plaintiffs assert that the Deed of Trust no longer secures the Note, as the Note and Deed of Trust "were separated at the time of the Loan when the originator, Quicken, nominated MERS as nominee, while the beneficiary under the Note re[mained] Quicken." *Id.* ¶ 50. As such, Defendant MERS has no authority to assign or transfer the mortgage loan." *Id.* ¶¶ 56-77.

## STANDARD OF REVIEW

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Supreme Court's recent opinions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "require that complaints in civil actions be alleged with greater specificity than previously was required." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). In *Twombly*, the Supreme Court articulated "[t]wo

working principles" that courts must employ when ruling on Rule 12(b)(6) motions to dismiss. *Iqbal*, 556 U.S. at 678. First, while a court must accept as true all the factual allegations contained in the complaint, legal conclusions drawn from those facts are not afforded such deference. *Id.* (stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim); *see also Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012) ("Although we are constrained to take the facts in the light most favorable to the plaintiff, we need not accept legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." (internal quotation marks omitted)). In the context of *pro se* litigants, however, pleadings are "to be liberally construed," and are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted); *accord Brown v. N.C. Dept. of Corr.*, 612 F.3d 720, 724 (4th Cir. 2010).

Second, even a *pro se* complaint must be dismissed if it does not allege "a plausible claim for relief." *Iqbal*, 556 U.S. at 679 (recognizing no *pro se* exception to the requirement to plead a "plausible claim for relief"); *see also O'Neil v. Ponzi*, 394 F. App'x. 795, 796 (2d Cir. 2010) ("We must dismiss *pro se* complaints that are frivolous or fail to state a claim."). Although a "plaintiff need not plead the evidentiary standard for proving" her claim, she may no longer rely on the mere possibility that she could later establish her claim. *McCleary-Evans v. Maryland Department of Transportation, State Highway Administration*, __ F.3d __, 2015 WL 1088931, *11-12 (4th Cir. 2015) (emphasis omitted) (discussing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002) in light of *Twombly* and *Iqbal*). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the

elements of a cause of action." *Twombly*, 550 U.S. at 555. While the plausibility requirement does not impose a "probability requirement," *id.* at 556, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Robertson v. Sea Pines Real Estate Cos.*, 679 F.3d 278, 291 (4th Cir. 2012) ("A complaint need not make a case against a defendant or *forecast evidence* sufficient to *prove* an element of the claim. It need only *allege facts* sufficient to *state* elements of the claim." (emphasis in original) (internal quotation marks and citation omitted)). In making this assessment, a court must "draw on its judicial experience and common sense" to determine whether the pleader has stated a plausible claim for relief. *Iqbal*, 556 U.S. at 679. "At bottom, a plaintiff must nudge [its] claims across the line from conceivable to plausible to resist dismissal." *Wag More Dogs, LLC*, 680 F.3d at 365 (internal quotation marks omitted).

<u>ANALYSIS</u>

As previously explained, a complaint must succinctly and clearly state a claim for which relief may be granted to survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Moreover, under the elevated requirements of *Iqbal* and *Twombly*, a plaintiff, even a *pro se* plaintiff, must state a claim that is plausible. *Iqbal*, 556 U.S. at 679. This claim must be supported by *some* facts sufficient to state a cognizable claim, and not mere conclusory statements and allegations. *Iqbal*, 556 U.S. at 678.

In its 157 paragraphs, the subject Complaint fails to state one claim for which relief may be granted. Far from identifying the applicable law of each count and providing facts to support a plausible claim for relief, Plaintiffs often omit any reference to law or facts. Rather,

the nonsensical prose relies on conclusory allegations and repetition of irrelevant legal jargon. Where relevant law is included, it is unaccompanied by any facts to substantiate the claim. Plaintiffs' claims thus fail to rise "above the speculative level" required to survive a motion to dismiss. *Twombly*, 550 U.S. at 547.

This Court acknowledges that "*pro se* plaintiff[s] [are] general[ly] given more leeway than a party represented by counsel." *Bell*, 2013 WL 6528966, at *1-2. This leeway, however, does not absolve Plaintiffs of the obligation to plead clear facts, rather than erroneous assumptions and misstatements of the law. As a whole, the Complaint irrefutably violates the pleading requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure. Yet, this Court will examine the sufficiency of each individual claim.

## I.   Breach of Contract (Count I)

Plaintiffs' claim for breach of contract rests on three primary allegations. First, they assert that the assignment of the Note and subsequent securitization separated the Note from the Deed of Trust, an impermissible action under the loan contract. Second, the Leiths contend that Defendants' alleged failure to record the assignment again breached the contract. The final breach is Defendants' alleged failure to notify the Plaintiffs of the assignment, as Plaintiffs claim that the Note required notification in the event of a transfer of interest. Each argument will be discussed in turn.

The Leiths' first argument—that the assignment and subsequent securitization of the Note separated the Note and Deed of Trust—rests on the assumption that the assignment actually resulted in the separation of the Note from the Deed of Trust. Yet, Maryland law flatly contradicts this assumption. In Maryland, a transferred note "carries with it the security

provided by the [corresponding] deed of trust." *Deutsche Bank Nat'l Trust Co. v. Brock*, 63 A.2d 40, 48 (Md. 2013). Given the clear dictate of Maryland law, this Court has consistently held that assignment does not separate a note and deed of trust. *See, e.g., Mabry v. MERS, Inc.*, Civ. A. No. WMN-13-1700, 2013 WL 5487858, at *3 (D. Md. Oct. 1, 2013); *Reed v. PNC Mortg.*, Civ. A. No. AW-13-1536, 2013 WL 3364372, at *3 (D. Md. July 2, 2013). MERS, as the nominee of the lender (Quicken), is authorized to act on the lender's behalf by, *inter alia*, assigning the lender's interest to another party. *See* Supplement to Defs.' Mot. to Dismiss at 3. When MERS assigned the Note to Deutsche Bank, the Deed of Trust thus followed the Note. The Leiths have presented no plausible facts showing that the Note is indeed separated from the Deed of Trust.

This first argument also assumes that the mere act of securitizing a loan renders it unenforceable. Again, this Court has repeatedly rejected this assumption. *See, e.g., Reed*, 2013 WL 3364372, at *3; *Lawson v. MERS, Inc.*, Civ. A. No. AW-13-2149, 2013 WL 4482953, at *3 (D. Md. Aug. 20, 2013); *Suss v. JP Morgan Chase Bank, N.A.*, Civ. A. No. WMN-09-1627, 2010 WL 2733097, at *5 (D. Md. July 9, 2010). The Note thus remains enforceable, even after securitization.

The Leiths next argue that Defendants breached the contract by failing to record the assignment of the Note from Quicken to Deutsche Bank. However, Maryland law sets forth no such requirement. Rather, "the holder of the deed of trust note . . . may transfer the note to another party without recording a new deed of trust . . . in the Land Records." *In re Williams v. Chevy Chase Bank*, 277 B.R. 78, 81-82 (Bankr. D. Md. 2002).

Finally, Plaintiffs contend that the Defendants failed to notify them prior to the assignment, thereby breaching the contract. This argument, however, contradicts the plain language of the Deed of Trust. In fact, the Deed of Trust stipulates that "[t]he Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower." Supplement to Defs.' Mot. to Dismiss ¶ 20. The alleged failure to notify thus did not constitute a breach of contract.

In sum, the Leiths have presented no allegations demonstrating a breach of contract. The assignment of the Note by MERS to Deutsche Bank did not separate the Note from the Deed of Trust, nor does the securitization of the Note render it unenforceable. Even further, Defendants alleged failures to record and to notify did not breach the contract. Accordingly, Plaintiffs' claim for breach of contract (Count I) must be dismissed.

## II.    Quiet Title (Count II)

In Count II, Plaintiffs seek to quiet title to the Property, asserting that the Note and Deed of Trust are invalid. Under Maryland law, an action to quiet title serves to "protect the owner of legal title from being harassed by suits in regard to his title by persons setting up unjust and illegal pretensions . . ." *Porter v. Schaffer*, 728 A.2d 755, 766 (Md. Ct. Spec. App. 1999); *see also* Md. Code Ann., Real Property § 14-108. The individual seeking to quiet title must, at the pleading stage, allege that he or she holds legal and equitable title to the land at issue. *See Porter*, 728 A.2d at 767 (citing 65 Am. Jur. 2d *Quieting Title* (1972 & Supp. 1998)) (a claimant bears the burden of establishing that he holds title to the land in question).

Once again, the Leiths have failed to allege any facts demonstrating a valid claim to quiet title. Nowhere in their lengthy Complaint (ECF No. 1) or Opposition (ECF No. 16) do

they assert that they have satisfied their obligations under the Note and Deed of Trust to obtain legal and equitable title in the Property. They do not dispute that they signed the Deed of Trust, nor do they allege that the debt secured by the Deed of Trust has been discharged. Finally, the only grounds with which they support their assertion that the loan is invalid are the same reasons rejected by this Court in the breach of contract claim. As explained *supra*, the Note and the Deed of Trust remain together and enforceable. Defendants' alleged failures to record and to notify do not render the Note or Deed of Trust invalid. Absent any facts demonstrating Plaintiffs' possession of legal and equitable title in the Property, their claim to quiet title (Count II) must be dismissed.

## III.    Declaratory Judgment (Count III)

Finally, Plaintiffs seek a declaratory judgment because "[a]n actual controversy has arisen and now exists between Plaintiffs and Defendants concerning their respective rights and duties regarding the Note and DOT." Compl. ¶ 144. Specifically, Plaintiffs seek a "judicial determination and declaration as to whether the DOT is void for 1) separation from the Note, 2) failure to record its assignment and to comply with the recording statutes." *Id.* ¶ 145.

Under the Declaratory Judgment Act, 28 U.S.C. § 2201, a plaintiff must sufficiently plead three factors. *Clay v. Chase Bank USA, N.A.*, Civ. A. No. 08:10-2169-AW, 2011 WL 1066570, *5 (D. Md. Mar. 21, 2011). First, "the complaint must allege an actual controversy between the parties of sufficient immediacy and reality to warrant issuance of a declaratory judgment." *Id.* Second, the presiding court "must possess an independent basis for jurisdiction over the parties." *Id.* Finally, the court "must decide whether to exercise its

discretion to determine or dismiss the action." *Id.* Declaratory relief is prudent "(1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Tobar-Barrera v. Napolitano*, Civ. A. No. RDB-10-0176, 2010 WL 972557, *3 (D. Md. Mar. 12, 2010) (citing *Aetna Casualty & Surety Co. v. Quarles*, 92 F.2d 321, 325 (4th Cir. 1937)).

Plaintiffs cannot satisfy even the first requirement, as no actual controversy exists between the parties. For the reasons set forth *supra*, the Note and DOT have not been separated, nor is the DOT void for any of the reasons articulated by the Leiths. They have not established any right to a quiet title claim. It is unclear how a declaratory judgment could "serve a useful purpose," as Plaintiffs' claims are wholly without merit and rest on erroneous assumptions and conclusory misstatements of the law. Given the clear inadequacies of the Complaint, a declaratory judgment is unwarranted.

<u>CONCLUSION</u>

For the reasons stated above, Defendants' Motion to Dismiss for Failure to State a Claim (ECF No. 14) is GRANTED. In sum, Plaintiffs' lengthy Complaint rests on erroneous assumptions and misstatements of Maryland law. As such, the Complaint fails to set forth any facts indicating a breach of contract or their right to quiet title under Maryland law.

A separate Order follows.

Dated: February 23, 2016                    /s/ _____
                                            Richard D. Bennett
                                            United States District Judge